**Ibrahima SAMB, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, John Ashcroft, Attorney General, Respondents.**

No. 03–4439.

United States Court of Appeals, Second Circuit.

June 16, 2004.

Ibrahima Samb, New York, NY, for Petitioner.

Kathy S. Marks, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Sue Chen, Special Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, B.D. PARKER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals be and it hereby is **AFFIRMED** and the petition for review is **DISMISSED**.

Petitioner Ibrahima Samb appeals from the order of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of removal under 8 U.S.C. §§ 1158(a) and 1231(b)(3)(A).

The BIA determined that Samb did not offer credible testimonial or persuasive documentary evidence in support of his claim. We affirm.

Samb, an alleged native of Mauritania, contends that he suffered past persecution and has a well-founded fear of future persecution because the Mauritanian military arrested and detained him and his family in a military prison camp, beat him, and eventually forced him and other Mauritanians to cross the boarder into Senegal. He claims that he suffered this treatment because of his race as a "black" Mauritanian of the Wolof ethnicity. The IJ and BIA rejected Samb's applications for asylum and withholding of removal, finding his credibility and corroborative evidence to be insufficient to meet his burden to show his entitlement to asylum and withholding of removal.

The scope of our inquiry is "exceedingly narrow." *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (internal quotation marks omitted). In reviewing an appeal from a decision of the BIA, " 'findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive.' " *Id.* (quoting 8 U.S.C. § 1105a(a)(4)). Accordingly, we "reverse [the denial of asylum or withholding of removal] only if no reasonable fact-finder could have failed to find ... past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000). To vacate the BIA's ruling, this court "must find that the evidence not only *supports* th[e] conclusion [that the applicant is entitled to asylum], but *compels* it." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). As the record contains substantial evidence to support the BIA's ruling, we affirm and dismiss the petition for review.

The BIA provided sufficient reasons for rejecting Samb's claims for asylum and withholding of removal. It found, *inter alia*, that Samb presented a fraudulent Mauritanian birth certificate, thus casting doubt on both his credibility and nationality; that Samb insufficiently explained inconsistencies in his testimony concerning where he lived while in Senegal, what identity documents he possessed while in Senegal, and what languages he speaks; and that Samb failed to provide probative corroborative evidence to support his claims. Moreover, Samb was ordered to be removed to Senegal, not Mauritania, and he voiced no objection to the removal to Senegal in particular. We agree that there is substantial evidence in the record for the BIA's adverse credibility determination against Samb and for the BIA's decision to deny Samb asylum and withholding of removal.

We have carefully considered all of Samb's arguments and find them to be without merit. We also reject summarily petitioner's appeal of the BIA's refusal to withhold deportation because such claims are subject to an even higher burden of proof than asylum claims. *See Zhang v. Slattery*, 55 F.3d 732, 738 (2d Cir.1995).

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DISMISSED**.